## THE FIRST NATIONAL BANK OF SAUGERTIES, RESPONDENT, *v.* AUGUSTA A. HURLBUT, APPELLANT.

*Married woman—note given by—when her separate estate is charged by it—when words "personal estate" construed to mean "separate estate."*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon a promissory note made by the defendant.

The referee found that on or about December 15, 1876, the defendant, Augusta A. Hurlbut, applied to the plaintiff, the First National Bank of Saugerties, for a loan of $500; that the defendant requested the plaintiff to discount the note for that amount, and stated that she had some taxes to pay in Brooklyn, and wanted the money for the purpose of paying taxes on her property there; that the plaintiff discounted her note for $500, and thereupon the defendant's husband, J. M. Hurlbut, at the defendant's request, drew his check against the moneys realized for the sum of $450, which check was certified by the plaintiff, and which the defendant stated was for the purpose of paying the taxes on her property; that on December 20, 1876, defendant requested the plaintiff to discount her note for $700, which was done, and out of the proceeds of such discount the note of December 15, 1876, for $500 was paid, that having been the agreement under which the said discount was given, and the balance remaining was passed to the credit of the defendant; that on March 20, 1877, the defendant made the following promissory note in form as follows:

"$700. BROOKLYN, March 20, 1877.

"On demand, I promise to pay to order of the First National

Bank of Saugerties seven hundred dollars at First National Bank of Saugerties, value received, to be paid from my *personal* estate.

(Signed) "A. A. HURLBUT."

That such note was received by plaintiff in renewal of the note of December 20, 1876.

The referee found, as conclusions of law, that defendant was liable on her note so made March 20, 1877, for the payment of the sum therein mentioned, with interest, and that plaintiff was entitled to recover from defendant the sum of $824.65.

The court, at General Term, said: "The referee properly held that by the note the defendant charged her separate estate. The word 'personal' was evidently used, not in distinction from 'real,' but in the meaning of 'private,' 'individual,' or 'separate.' The note was to be paid out of the estate which belonged to her personally. All the circumstances show that was the meaning of the words. The previous notes had, in more formal words, charged her separate estate. The money, or at least most of it, had gone to the benefit of her property. The defendant herself wrote the clause in question; and to suppose that she used the word 'personal' in its peculiar legal meaning is out of the question. She plainly used it with the meaning above indicated of 'separate,' intending to charge the estate which belonged to her, and her intention should not be thwarted."

*Theodore B. Gates*, for the appellant.

*P. Cantine*, for the respondent.

Opinion PER CURIAM.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment affirmed, with costs.